UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHRISTINA MARTINS

Plaintiff

CA 06 254

v. C.A. NO. ____________

CVS PHARMACY, INC.;
PROVIDENCE THAYER STREET CVS, INC.; &
SOUTH PROVIDENCE BROAD STREET CVS, INC.

Defendants

**VERIFIED COMPLAINT**

INTRODUCTORY STATEMENT/NATURE OF THE ACTION

This action is commenced by CHRISTINA MARTINS (hereinafter "Plaintiff" or "MARTINS") against CVS PHARMACY, INC.; PROVIDENCE THAYER STREET CVS, INC.; & SOUTH BROAD STREET CVS, INC. (hereinafter "Defendants" or "Employers") in order to remedy and seek relief for sexual harassment and discrimination based on gender in regard to terms, conditions, and privileges of employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.; the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws 28-5-1 et seq. ("RIFEPA"), and the Rhode Island Civil Rights Act of 1990, R.I. Gen. Laws 42-112-1 et seq. ("RICRA"), including certain common law claims.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 2201, and 2202; 42 U.S.C.S. §§2000e-1 et seq.; R.I.G.L. 42-112-2; R.I.G.L. 28-5-24.1.

2. Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of this court's supplemental jurisdiction with respect to Plaintiff's federal law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case or controversy. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

3. Pursuant to 28 U.S.C. 1391(b) and (c) and 42 U.S.C. 2000e-5(f)(3), venue is proper in this district because:

a. The alleged unlawful practices occurred and/or are continuing to occur within the State of Rhode Island, and in this judicial district;

b. all records relevant to the alleged unlawful practices are maintained and administered in the Defendants' headquarters located in Woonsocket, Rhode Island.

c. the Plaintiff would currently be enjoying all rights, benefits, and privileges of her employment, as an employee of Defendants, at one of their Rhode Island locations, but for the Defendants' unlawful practices. The Plaintiff

was an employee of the Defendant Employer at store locations in Cranston, Rhode Island; on South Broad Street in Providence, Rhode Island; and on Thayer Street in Providence, RI.

4. On or about September 30, 2005, Martins filed a formal Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the U.S. Equal Employment Commission ("EEOC"), alleging that she had been subjected to acts of sexual harassment and retaliation, and had been discriminated against on the basis of her gender and in retaliation for objecting for what she reasonably perceived to be unlawful workplace conduct—RICHR # 06 ESH 080; EEOC #16JA00010.

5. The RIHRC and the EEOC subsequently issued Notice of Right To Sue. (Attachment A)

6. Plaintiff has filed this action within ninety (90) days of her receipt of federal and state Right To Sue notifications, and has fulfilled all conditions precedent to the institution of this action under federal and/or state law.

THE PARTIES

7. The Plaintiff, Christina Martins ("Martins" or "Plaintiff"), an individual, is a resident of the town of Providence, Rhode Island.

8. Plaintiff Martins is a "person" within the meaning of R.I.G.L. §§28-5-6 (1) and R.I.G.L. 42-112-1, et seq.; is an employee within the meaning of 42 U.S.C.S. 2000e(f) and R.I.G.L. 28-5-6 I; and is an "individual" within the meaning of 42 U.S.C. 2000e-2(a).

9. On information and belief, the Defendant, CVS Pharmacy, Inc. ("Defendant" or "Employer"), is a domestic corporation, headquartered in Woonsocket, Rhode Island. On Information and belief, Defendant CVS Pharmacy, Inc. owns, operates and exercises control over the daily functions of Defendants Providence Thayer Street CVS, Inc. and South Providence Broad Street CVS, Inc. These Defendants are sufficiently joined and intertwined in terms of ownership, corporate direction, financial matters, workplace policies and practices, and other indicia of common ownership and control to be determined to be a single employer or, in the alternative, joint employers for the purposes of all claims at issue in this action, to be held jointly and severally liable.

10. Defendants own, operate, and maintain a facility and principal place of business at 1 CVS Drive; Woonsocket, Rhode Island 02895.

11. At all times material to the allegations of this Complaint, the Defendants have continuously, and do now, employ at least 100 or more employees in the State of Rhode Island.

12. At all times material to the allegations of this Complaint, the Defendants have continuously been engaged in an industry affecting commerce within the meaning of pertinent federal statutes.

13. At all times material to the allegations of this Complaint, Defendants were and are "Employers" within the meaning of that term as applicable in pertinent federal and state statutes, and as that term is applicable to pertinent provisions of Title VII.

14. Martins is an "individual" within the meaning of pertinent provisions defining that term under pertinent federal and state statutes and as that term in applicable to pertinent provisions of Title VII.

15. At all times material to this action, the Defendants were an employer covered under the provisions of R.I.G.L. § 42-112-1 et seq. (The Rhode Island Civil Rights Act of 1990) and R.I.G.L. § 28-5-1- et seq. (The Rhode Island Fair Employment Practices Act). At all times material to this action, Plaintiff was protected under the terms of R.I.G.L. § 42-112-1 et seq. and R.I.G.L. § 28-5-1 et seq.

FACTS APPLICABLE TO EACH COUNT

16. Martins is a female.

a.) Martins began working for the Defendant, CVS, during or about, November, 2003, until she was terminated on August 2, 2005.

18. At the time of her termination, Martins held the position of Photo Lab Technician at the Defendants' store on Thayer Street in Providence, Rhode Island.

19. Throughout the tenure of her employment, Martins was compelled to work in a hostile environment, characterized by conduct of an egregious, pervasive, frequent, sexually-oriented nature.

20. This conduct commenced when Martins was working at the Defendants' store located on Broad Street in Providence, Rhode Island.

b.) While working at that store, Martins was subjected to such misconduct including but not limited to, her store manager:

a. implicating that she should trade sexual favors for a work schedule that would accommodate her son's daycare hours;

b. making blatant sexually suggestive comments to her;

c. touching her inappropriately;

d. and other inappropriate conduct.

22. Martins objected to such misconduct, did not welcome, did not participate in, or condone such behavior and found such conduct offensive.

23. The working conditions to which Martins was subjected, unreasonably interfered with her ability to perform her job duties.

24. Throughout her tenure of employment, Martins maintained a satisfactory employment record, meeting or exceeding her Employers' legitimate expectations.

25. As a result of the harassment Martins experienced at the Broad Street location, she was compelled to transfer to the Thayer Street store during or about February, 2005.

26. At this location, Martins was subjected to repeated mistreatment from other employees, including the son of the store manager, creating a hostile work environment.

27. Martins was subjected to offensive and demeaning comments about her body, and had objects thrown at her.

28. The store manager was fully aware of this above-referenced misconduct. This and related misconduct unreasonably interfered with Martin's ability to perform the duties of her position.

29. Following one such incident, when Martins was forced into tears, the store manager screamed at her, and terminated her without explanation.

30. Martins was provided no remedy for the hostile work environment(s) she was compelled to endure, and was ultimately terminated without explanation.

31. To date, Martins believes that no remedial action whatsoever has been taken by the Defendants to remedy the work environment(s) she complained of, and that no corrective action has been instituted against the alleged perpetrator(s).

32. The Defendants have intentionally and willfully engaged in a series of unlawful acts, practices, policies, and procedures in violation of state and federal law intended to prevent employment discrimination based on gender, and have retaliated against the Plaintiff.

33. The Defendants' conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff. The Defendants knowingly and purposefully subjected the Plaintiff to humiliating discriminatory and unlawful treatment as a result of her gender.

c.) The wrongful actions by Defendants that Martins complained of herein were taken without justification, excuse, or defense, but rather were taken in a purposefully discriminatory and unlawful manner, and have caused the Plaintiff lost employment, lost wages, lost benefits, humiliation, embarrassment, emotional and physical harm, and other damages.

COUNT I
DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
HOSTILE ENVIRONMENT
TERMINATION
AND RETALIATION BASED ON GENDER
RHODE ISLAND CIVIL RIGHTS ACT OF 1990
R.I.G.L. 42-112-1 ET SEQ.

35. Paragraphs 1-34, above, are herein incorporated by reference in their entirety.

36. By its conduct, Defendants have discriminated against Plaintiff on the basis of her gender, in the terms and conditions of her employment, in violation of the Rhode Island Civil Rights Act of 1990, R.I.G.L. 42-112-1 et seq., by:

a. interfering with her right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender;

b. depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c. treating her in a hostile manner, and forcing her to work in a hostile, demeaning, and sexually-threatening environment based on her gender; and

d. causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her reputation and professional mobility.

37. As the direct, foreseeable, and intended result of Defendants' unlawful discrimination, Martins has suffered lost wages, benefits, irreparable harm to her good and valuable personal and professional reputation, as well as other damages, now and in the future, including severe and extreme emotional distress, with resulting physical and emotional manifestations.

d.) The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Martins' gender. Such practices include, but are not limited to, Defendants':

a.) subjecting Martins to discriminatory terms and conditions of employment because of her gender, and creating and tolerating a hostile work environment;

b.) retaliating against Martins for asserting her rights to be free from discrimination based on gender; and

c.) terminating Martins.

39. But for the Defendants' intent to discriminate against Plaintiff because of her gender, Defendants would not have subjected her to discriminatory terms and conditions of employment, created and tolerated a hostile work environment, retaliated against her, or terminated her.

e.) The Defendants purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's gender. The Defendants' conduct has unlawfully denied Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused harm to her reputation; and has caused her humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

COUNT II
DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
HOSTILE ENVIRONMENT
TERMINATION
AND RETALIATION BASED ON GENDER

RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT
R.I.G.L. § 28-5-1 et seq.

41. Paragraphs 1-34 above are herein incorporated by reference in their entirety.

42. Defendants willfully engaged in a policy or practice of discriminating against Plaintiff in violation of the RIFEPA.

f.) The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of the RIFEPA by:

a.) interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender;

b.) depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c.) treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender;

d.) causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her person and professional reputation.

g.) The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Martins' gender. Such practices include, but are not limited to, Defendants':

h.) subject Plaintiff to discriminatory terms and conditions of employment;

i.) creating and/or tolerating a work environment hostile towards Plaintiff on the basis of her gender;

j.) retaliating against Plaintiff for asserting her rights to be free from discrimination based on gender; and

d) terminating Plaintiff.

45. But for the Defendants' intent to discriminate against Plaintiff because of her gender, Defendants would not have subjected her to discriminatory terms and conditions of employment, forced her to work in a sexually hostile environment, or retaliated against her by terminating her for attempting to assert her right to be free from workplace conduct made unlawful by the RIFEPA.

k.) The Defendants' conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has cause her extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT III
## DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
## HOSTILE ENVIRONMENT
## TERMINATION
## AND RETALIATION BASED ON GENDER

## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## 42 U.S.C. §2000, ET SEQ.

47. Paragraphs 1-34 above are herein incorporated by reference in their entirety.

48. Defendants willfully engaged in a policy or practice of discriminating against Plaintiff in violation of Title VII.

l.) The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of Title VII, by:

e.) interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender;

f.) depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

g.) treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender;

h.) causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her person and professional reputation.

m.) The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Martins' gender. Such practices include, but are not limited to, Defendants':

n.) subject Plaintiff to discriminatory terms and conditions of employment;

o.) creating and/or tolerating a work environment hostile towards Plaintiff on the basis of her gender;

p.) retaliating against Plaintiff for asserting her rights to be free from discrimination based on gender; and

g) terminating Plaintiff.

51. But for the Defendants' intent to discriminate against Plaintiff because of her gender, Defendants would not have subjected her to discriminatory terms and conditions of employment, forced her to work in a sexually hostile environment, or retaliated against her by terminating her for attempting to assert her right to be free from workplace conduct made unlawful by Title VII.

q.) The Defendants' conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has cause her extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

COUNT IV
RHODE ISLAND WHISTLEBLOWER'S ACT
R.I.G.L. §28-50-1

53. Paragraphs 1-34 are incorporated herein by reference in their entirety.

54. Defendants retaliated against Plaintiff, by subjecting her to discriminatory terms and conditions of employment and terminating her because she sought to assert her right to be free from workplace discrimination and conduct which she reasonably believed to be made unlawful by state and federal law; and because she asserted her right to bring these matters to the attention of appropriate public authority and/or indicated an intention to do so.

55. Defendants' conduct is in violation of the Rhode Island Whistleblowers Act, R.I.G.L. §28-50-1 et seq.

r.) As a result of the Defendants' discriminatory and retaliatory conduct, Plaintiff has suffered severe distress, with resulting physical and/or emotional injuries, humiliation, harm to her career, harm to her reputation, lost wages, lost opportunities for advancement, attorney's fees, and other damages.

WHEREFORE, Plaintiff prays that judgment be entered for Plaintiff and against Defendants, jointly and severally, and that she be awarded all damages and equitable relief requested, as hereinafter set forth.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.) an order that the Defendants institute and carry out practices, policies and programs which provide equal employment opportunities to qualified individuals, regardless of gender;

b.) an order that the Defendants make whole the Plaintiff with appropriate promotional opportunities, lost earnings, back-pay, front-pay, the value of lost benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

c.) an order that the Defendants make whole the Plaintiff by providing for any additional pecuniary losses and compensation for the damage done to her valuable reputation, in amounts to be determined at trial;

d.) an order that the Defendants make whole the Plaintiff by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an

appropriate award of compensatory damages pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-24;

e.) grant attorney's fees and the costs of this action;

f.) grant punitive or exemplary damages, as appropriate to punish the Defendants for its malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, including an appropriate award pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-1;

g.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued, pursuant to R.I.G.L.§ 9-21-10;

h.) grant such further relief as this court deems necessary and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Verification

I hereby verify that the above facts are true and accurate to the best of my knowledge and recollection.

Christeia Martins

Signed before me on this 25th day of May 2006.

Notary Public: Brie Fanning

BRIE FANNING
Notary Public of Rhode Island
My Commission Expires 8/13/2007

Respectfully Submitted,
Christina Martins
By Her Attorney,

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)