UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHRISTINA MARTINS

Plaintiff

v. C.A. No.: 06-254-ML

CVS PHARMACY, INC;
PROVIDENCE THAYER STREET
CVS, INC. AND SOUTH PROVIDENCE
BROAD STREET CVS, INC.

Defendants

**DEFENDANTS' ANSWER TO**
**PLAINTIFF'S VERIFIED COMPLAINT**

The defendants, CVS Pharmacy, Inc., Providence Thayer Street CVS, Inc. and South Providence Broad Street CVS, Inc., whose correct name is South Providence CVS, Inc., hereby respond to the allegations contained in plaintiff's Verified Complaint, paragraph by paragraph, as follows:

**INTRODUCTORY STATEMENT/NATURE OF THE ACTION**

No response is required from the defendants to the plaintiff's introductory statement as to the nature of her action. To the extent that the introductory statement implies that the defendants engaged in any conduct constituting sexual harassment and/or discrimination or otherwise violated any of the statutes cited therein, the implication is denied.

## JURISDICTION AND VENUE

1. No responsive pleading is required from the defendants to the plaintiff's statement of jurisdiction contained in paragraph 1.

2. No responsive pleading is required from the defendants to the plaintiff's statement of jurisdiction contained in paragraph 2.

3. No responsive pleading is required from the defendants to the plaintiff's statement of venue contained in paragraph 3. To the extent that the statements contained in paragraph 3 imply that the defendants engaged in any unlawful practices, the implication is denied.

4. The defendants neither admit nor deny, because they have no knowledge of same, the allegations contained in paragraph 4 and, therefore, call upon the plaintiff to prove same.

5. The defendants neither admit nor deny, because they have no knowledge of same, the allegations contained in paragraph 5 and, therefore, call upon the plaintiff to prove same.

6. The defendants neither admit nor deny, because they have no knowledge of same, the allegations contained in paragraph 6 and, therefore, call upon the plaintiff to prove same.

## THE PARTIES

7. The defendants neither admit nor deny, because they have no knowledge of same, the allegations contained in paragraph 7 and, therefore, call upon the plaintiff to prove same.

8. No responsive pleading is required from the defendants to the statement contained in paragraph 8 as it is a conclusion of law.

9. The defendants admit the allegations contained in the first sentence of paragraph 9, but deny that CVS Pharmacy, Inc. was plaintiff's employer. The defendants deny the remaining allegations contained in paragraph 9.

10. The defendant, CVS Pharmacy, Inc., admits that its principal place of business is located at One CVS Drive, Woonsocket, Rhode Island 02895. The defendants deny the remaining allegations contained in paragraph 10.

11. The defendant, CVS Pharmacy, Inc., admits that it employs more than 100 individuals in the State of Rhode Island. The defendants deny the remaining allegations contained in paragraph 11.

12. No responsive pleading is required from the defendants to the statement contained in paragraph 12 as it is a conclusion of law.

13. No responsive pleading is required from the defendants to the statement contained in paragraph 13 as it is a conclusion of law.

14. No responsive pleading is required from the defendants to the statement contained in paragraph 14 as it is a conclusion of law.

15. No responsive pleading is required from the defendants to the statement contained in paragraph 15 as it is a conclusion of law.

## **FACTS APPLICABLE TO EACH COUNT**

16. The defendants admit the allegations contained in paragraph 16.

16(a). The defendants admit that, on or about November 1, 2003, plaintiff was hired to work at CVS/pharmacy Store No. 0469. The defendants deny that they were plaintiff's

employer at that time. The defendants further admit that plaintiff's employment with Providence Thayer Street CVS, Inc. was terminated on or about August 2, 2005. The defendants deny the remaining allegations contained in paragraph 16(a).

18(sic) The defendants admit that, at the time of her termination, plaintiff was employed in the position of photo lab technician by Providence Thayer Street CVS, Inc. at its store located on Thayer Street, Providence, Rhode Island. The defendants deny the remaining allegations contained in paragraph 18.

19. The defendants deny the allegations contained in paragraph 19.

20. The defendants deny the allegations contained in paragraph 20.

20(b). The defendants deny the allegations contained in paragraph 20(b), including the allegations contained in subparagraphs a. through d. thereto.

22(sic) The defendants deny the allegations contained in paragraph 22.

23. The defendants deny the allegations contained in paragraph 23.

24. The defendants deny the allegations contained in paragraph 24.

25. The defendants deny the allegations contained in paragraph 25.

26. The defendants deny the allegations contained in paragraph 26.

27. The defendants deny the allegations contained in paragraph 27.

28. The defendants deny the allegations contained in paragraph 28.

29. The defendants deny the allegations contained in paragraph 29.

30. The defendants deny the allegations contained in paragraph 30.

31. The defendants deny the allegations contained in paragraph 31.

32. The defendants deny the allegations contained in paragraph 32.

33. The defendants deny the allegations contained in paragraph 33.

33(c). The defendants deny the allegations contained in paragraph 33(c).

COUNT I
DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
HOSTILE ENVIRONMENT
TERMINATION
AND RETAILATION BASED ON GENDER
RHODE ISLAND CIVIL RIGHTS ACT OF 1990
R.I.G.L. 42-112-1 ET SEQ.

35(sic) The defendants repeat and incorporate by reference their responses to paragraphs 1 through 33(c) as if set forth in full herein.

36. The defendants deny the allegations contained in paragraph 36, including the allegations contained in subparagraphs a. through d. thereto.

37. The defendants deny the allegations contained in paragraph 37.

37(d). The defendants deny the allegations contained in paragraph 37(d), including the allegations contained in subparagraphs a.) through c.) thereto.

39(sic) The defendants deny the allegations contained in paragraph 39.

39(e). The defendants deny the allegations contained in paragraph 39(e), and further deny that the plaintiff is entitled to recovery, in any amount, from the defendants.

COUNT II
DISCRIMINATORY TERMS AND CONDITINOS OF EMPLOYMENT
HOSTILE ENVIRONMENT
TERMINATION
AND RETAILATION BASED ON GENDER
RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT
R.I.G.L. §28-5-1 ET SEQ.

41(sic) The defendants repeat and incorporate by reference their responses to paragraphs 1 through 39(e) as though set forth in full herein.

42. The defendants deny the allegations contained in paragraph 42, including all subparagraphs thereto.

45(sic). The defendants deny the allegations contained in paragraph 45.

45(k). The defendants deny the allegations contained in paragraph 54(k), and further deny that the plaintiff is entitled to recovery, in any amount, from the defendants.

COUNT III
DISCRIMINATORY TERMS AND CONDITINOS OF EMPLOYMENT
HOSTILE ENVIRONMENT
TERMINATION
AND RETAILATION BASED ON GENDER
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
42 U.S.C. §2000 ET SEQ.

47(sic). The defendants repeat and incorporate by reference their responses to paragraphs 1 through 45(k) as though set forth in full herein.

48. The defendants deny the allegations contained in paragraph 48, including the allegations contained in each subpart thereto.

51(sic). The defendants deny the allegations contained in paragraph 51.

51(q). The defendants deny the allegations contained in paragraph 51(q), and further deny that the plaintiff is entitled to recovery, in any amount, from the defendants.

COUNT IV
RHODE ISLAND WHISTLEBLOWER'S ACT
R.I.G.L. §28-50-1

53(sic). The defendants repeat and incorporate by reference their responses to paragraphs 1 through 51(q) as though set in full herein.

54. The defendants deny the allegations contained in paragraph 54.

55. The defendants deny the allegations contained in paragraph 55, including the allegations contained in all subparts thereto, and further deny that the plaintiff is entitled to recovery, in any amount, from the defendants.

## AFFIRMATIVE DEFENSES

### First Defense

The plaintiff's Verified Complaint fails to state a claim against the defendants upon which relief can be granted.

### Second Defense

The plaintiff's Verified Complaint fails to state a claim against the defendants upon which relief can be granted in that the defendants have no obligation to pay the plaintiff any amount of the losses or damages alleged.

### Third Defense

The damages and relief sought in plaintiff's Verified Complaint are, in whole or in part, not legally authorized.

### Fourth Defense

The defendants state that each and every action of its employees with respect to the plaintiff was taken in good faith and for legitimate, non-discriminatory and non-retaliatory reasons.

### Fifth Defense

Plaintiff has failed to mitigate any damages she may have suffered.

### Sixth Defense

Plaintiff's claim for compensatory damages is barred to the extent she is unable to establish harm caused by defendants' alleged actions.

### Seventh Defense

The defendants state that, to the extent that the plaintiff engaged in misconduct during her employment that would have resulted in her termination had the defendants

been aware of said misconduct, the plaintiff's claims should be barred for her having engaged in said misconduct.

**Eighth Defense**

The defendants state that, even if the plaintiff is able to prove that a prohibited factor motivated the defendants' alleged employment action, which the defendants expressly deny, the same action would have been taken even absent such motivation and, therefore, the plaintiff's claims must fail.

**Ninth Defense**

Plaintiff's claims are barred to the extent they were not commenced within the applicable statute of limitations.

**Tenth Defense**

If the plaintiff suffered injuries or damages as alleged, such injuries or damages were caused by someone for whose conduct defendants were not and are not responsible.

**Eleventh Defense**

The defendants state that it maintained a policy prohibiting discrimination, harassment and retaliation, and a procedure for the resolution of complaints alleging discrimination, harassment and retaliation.

**Twelfth Defense**

An award of punitive damages would be contrary to defendants' good faith efforts to comply with the law.

**Thirteenth Defense**

The plaintiff's Verified Complaint should be dismissed for misnomer.

**Fourteenth Defense**

The plaintiff's whistleblower claim is pre-empted.

**Fifteenth Defense**

The defendants state that the plaintiff's claims should be dismissed to the extent that they were not set forth in her administrative charge.

**Sixteenth Defense**

Plaintiff's claims are barred to the extent she has failed to exhaust her administrative remedies.

**Seventeenth Defense**

The defendants state that, at all times, they acted promptly and effectively in response to any complaints asserted by the plaintiff of discrimination, harassment or retaliation.

**Eighteenth Defense**

The plaintiff's Verified Complaint is barred, in whole or in part, because the defendants exercised reasonable care to prevent and correct promptly any discriminatory, harassing or retaliatory conduct and because the plaintiff unreasonably failed to properly take advantage of any preventive or corrective opportunities provided by the defendants or to avoid harm otherwise.

**Nineteenth Defense**

Plaintiff's claims against CVS Pharmacy, Inc. must fail because it was not plaintiff's employer.

**Twentieth Defense**

Plaintiff's sexual harassment claims are barred to the extent that she consented to or welcomed the allegedly harassing conduct.

**Twenty-First Defense**

The plaintiff, by virtue of her own actions, is estopped from bringing this action.

Respectfully submitted,
CVS Pharmacy, Inc., Providence Thayer Street CVS, Inc. and South Providence Broad Street CVS, Inc., whose correct name is South Providence CVS,
By their Attorneys,

Todd M. Reed, Esquire (#6602)
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
Tel: (401) 274-9200
Fax: (401) 276-6611

**CERTIFICATION OF SERVICE**

I hereby certify that on this 12th day of July, 2006, I mailed a true copy, via first class mail, to counsel listed below:

Stephen T. Fanning, Esquire
305 South Main Street
Providence, RI 02903

Todd M. Reed