UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHRISTINA MARTINS

Plaintiff

v. C.A. NO. 06-254-ML

CVS PHARMACY, INC.;
PROVIDENCE THAYER STREET CVS, INC.; &
SOUTH PROVIDENCE BROAD STREET CVS, INC.

Defendants

**STATEMENT FOR RULE 16 CONFERENCE**

## I. INTRODUCTORY STATEMENT/NATURE OF THE ACTION

This action was commenced by CHRISTINA MARTINS (hereinafter "Plaintiff" or "MARTINS") against CVS PHARMACY, INC.; PROVIDENCE THAYER STREET CVS, INC.; & SOUTH BROAD STREET CVS, INC. (hereinafter "Defendants" or "Employers") in order to remedy and seek relief for sexual harassment and discrimination based on gender in regard to terms, conditions, and privileges of employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.; the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws 28-5-1 et seq. ("RIFEPA"), and the Rhode Island Civil Rights Act of 1990, R.I. Gen. Laws 42-112-1 et seq. ("RICRA"), including certain common law claims.

## II. FACTUAL SUMMARY:

The Plaintiff, Christina Martins ("Martins" or "Plaintiff"), an individual female, is a resident of the City of Providence, Rhode Island. Defendant CVS Pharmacy, Inc. owns,

Created with novaPDF Printer (www.novaPDF.com). Please register to remove this message.

operates and exercises control over the daily functions of Defendant's Thayer Street CVS, Inc., located in Providence, and Broad Street CVS, Inc., located in South Providence. Martins began working for CVS, during or about, November, 2003, until she was terminated on August 2, 2005. At the time of her termination, Martins held the position of Photo Lab Technician at the Defendants' store on Thayer Street in Providence.

Martin alleges that, throughout the tenure of her employment, she was compelled to work in a hostile environment, characterized by conduct of an egregious, pervasive, frequent, sexually-oriented nature. This conduct commenced when Martins was working at the CVS store located on Broad Street, in Providence. While working at that store, Martins was subjected to various incidents of misconduct perpetrated by her store manager, including but not limited to, the store manager:

a. implicating that she should trade sexual favors for a work schedule that would accommodate her son's daycare hours;

b. making blatant sexually suggestive comments to her; and

c. touching her inappropriately

Martins objected to such misconduct, did not welcome it, did not participate in it, did not condone it, and found such conduct offensive. The working conditions to which Martins was subjected, unreasonably interfered with her ability to perform her job duties. As a result of the harassment Martins experienced at the Broad Street location, she was compelled to transfer to the Thayer Street store during or about February, 2005.

At the Thayer Street location, Martins was subjected to repeated mistreatment from other employees, including the son of the store manager, creating a hostile work

Created with novaPDF Printer (www.novaPDF.com). Please register to remove this message.

environment. Among other misconduct, Martins was subjected to offensive and demeaning comments about her body, and had objects thrown at her. The store manager was fully aware of the above-referenced misconduct. This and related misconduct unreasonably interfered with Martin's ability to perform the duties of her position. As a result of one such incident, in which Martins was pelted by objects thrown by other employees, including the store manager's son, Martins was forced into tears and was compelled to take a short break. Following her break, the store manager tscreamed at her, and terminated her without explanation.

**III. TRIAL ISSUES:**

No unusual trial issues are anticipated. This case presents a straightforward case of hostile environment sexual harassment, dependent primarily on witness credibility. The parties are continuing their efforts to resolve this matter pursuant to an appropriate settlement.

Respectfully Submitted,
Christina Martins
By Her Attorney,

/s/ Stephen T. Fanning
Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)

Certification

I hereby certify that a true and complete copy of the above was served on Defendants' counsel Gary J. Lieberman, Esq.; 101 Federal Street, Boston, MA 02110, by FAX (866-204-4437) and regular first class mail on September 19, 2006.

/s/Stephen T. Fanning

Created with novaPDF Printer (www.novaPDF.com). Please register to remove this message.